**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NORFOLK SOUTHERN RAILWAY | ) Civil Action No. 1:08-cv-01707-MBS |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

_____

**CONSENT DECREE**

## TABLE OF CONTENTS

I.  JURISDICTION AND VENUE ............................................................................................ 1
II.  APPLICABILITY ........................................................................................................... 2
III.  DEFINITIONS ............................................................................................................... 3
IV.  CIVIL PENALTY ........................................................................................................... 4
V.  COMPLIANCE REQUIREMENTS ................................................................................ 6
VI.  SUPPLEMENTAL ENVIRONMENTAL PROJECT ................................................... 8
VII.  REPORTING REQUIREMENTS ................................................................................... 11
VIII.  STIPULATED PENALTIES .......................................................................................... 13
IX.  FORCE MAJEURE ........................................................................................................ 17
X.  DISPUTE RESOLUTION .............................................................................................. 19
XI.  INFORMATION COLLECTION AND RETENTION ................................................... 21
XII.  EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS ........................................ 23
XIII.  COSTS ........................................................................................................................... 25
XIV.  NOTICES ....................................................................................................................... 26
XV.  EFFECTIVE DATE ........................................................................................................ 27
XVI.  RETENTION OF JURISDICTION ................................................................................ 28
XVII.  MODIFICATION ........................................................................................................... 28
XVIII.  TERMINATION ............................................................................................................ 28
XIX.  PUBLIC PARTICIPATION ........................................................................................... 29
XX.  SIGNATORIES/SERVICE ............................................................................................ 30
XXI.  INTEGRATION ............................................................................................................. 30
XXII.  FINAL JUDGMENT ...................................................................................................... 30
XXIII.  APPENDICES ................................................................................................................ 31

WHEREAS, Plaintiff United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), filed a Complaint in this action on April 23, 2008, and an Amended Complaint in this action on March 9, 2009, alleging that Defendant Norfolk Southern Railway Company, violated Sections 301 and 311 of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1311 and 1321, and Section 103 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9603;

WHEREAS, Defendant does not admit any liability arising out of the acts or omissions alleged in the Amended Complaint, and nothing in the Amended Complaint or this Consent Decree, nor the execution and implementation of this Consent Decree, shall be treated as an admission or evidence in any litigation or forum whatsoever, provided that the terms of this Consent Decree may be used in any action or dispute resolution proceeding to enforce the terms of this Consent Decree; and

WHEREAS, the Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid further litigation between the Parties and that this Consent Decree is fair, reasonable, and in the public interest;

NOW, THEREFORE, without the adjudication or admission of any issue of fact or law, except as provided in Section I, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I. JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, and 1355; Sections 309(b), 311(b)(7)(E) and 311(n) of the CWA,

33 U.S.C. §§ 1319(b), 1321(b)(7)(E) and 311(n); and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and over the Parties. Venue lies in this District pursuant to 28 U.S.C. §§ 1391 and 1395(a); Sections 309(b) and 311(b)(7)(E) of the CWA, 33 U.S.C. §§ 1319(b) and 1321(b)(7)(E); and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because Defendant does business in this District and the alleged violations occurred in this District. For purposes of this Decree, or any action to enforce this Decree, Defendant consents to the Court's jurisdiction over this Decree and any such action and over Defendant and consents to venue in this judicial district.

2.    For purposes of this Consent Decree only, Defendant agrees that the Amended Complaint states claims upon which relief may be granted pursuant to 301 and 311 of the CWA, 33 U.S.C. §§ 1311 and 1321, and Section 103 of CERCLA, 42 U.S.C. § 9603.

3.    Notice of the commencement of this action has been given to the State of South Carolina, as required by Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

## II. APPLICABILITY

4.    The obligations of this Consent Decree apply to and are binding upon the United States and upon Defendant and any successors, assigns, or other entities or persons otherwise bound by law.

5.    Defendant shall provide a copy of this Consent Decree to all officers, employees, and agents whose duties reasonably include compliance with any provision of this Decree, as well as to any contractor retained to perform work required under this Consent Decree. Defendant shall condition any such contract upon performance of the work in conformity with the terms of this Consent Decree.

6.    In any action to enforce this Consent Decree, Defendant shall not raise as a defense the failure by any of its officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

## III.  DEFINITIONS

7.    Terms used in this Consent Decree that are defined in the CWA, CERCLA, or in regulations promulgated pursuant to the CWA or CERCLA, shall have the meanings assigned to them in the CWA, CERCLA or such regulations, unless otherwise provided in this Decree.  Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

a.    "Alleged Releases" shall mean the releases of chlorine and diesel fuel alleged in the Amended Complaint;

b.    "Amended Complaint" shall mean the Amended Complaint filed by the United States in this action on March 3, 2009;

c.    "CERCLA" shall mean the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601–9675(c);

d.    "Consent Decree" or "Decree" shall mean this Consent Decree, and all appendices attached hereto (listed in Section XXIII) and any work plan developed under this Consent Decree or any appendix;

e.    "CWA" shall mean the Clean Water Act, 33 U.S.C. §§ 1251–1387;

f.    "Day" shall mean a calendar day unless expressly stated to be a business day.  In computing any period of time under this Consent Decree, where the last day

would fall on a Saturday, Sunday, or federal holiday, the period shall run until 11:59 p.m. E.S.T. of the next business day;

g.      "Defendant" shall mean the Norfolk Southern Railway Company;

h.      "EPA" shall mean the United States Environmental Protection Agency and any of its successor departments or agencies;

i.      "Effective Date" shall have the definition provided in Section XV;

j.      "OPA" shall mean the Oil Pollution Act of 1990, 33 U.S.C. §§ 2701–2762.

k.      "Paragraph" shall mean a portion of this Decree identified by an arabic numeral;

l.      "Parties" shall mean the United States and Defendant;

m.      "Section" shall mean a portion of this Decree identified by a roman numeral;

n.      "United States" shall mean the United States of America, acting on behalf of EPA.

## IV.  CIVIL PENALTY

8.      Within 30 Days after the Effective Date of this Consent Decree, Defendant shall pay a civil penalty of $4,000,000, as follows:

a.      $3,967,500 as a civil penalty under Section 311(b)(7) of the CWA, together with interest accruing from 3 business days after the Effective Date, at the rate specified in 28 U.S.C. § 1961 as of the date of lodging; and

-4-

b.     $32,500 as a civil penalty under Sections 103(a) and 109(c)(1) of CERCLA, together with interest accruing from 3 business days after the Effective Date, at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507 as of the date of lodging.

9.     Defendant shall pay the civil penalty due by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice in accordance with written instructions provided to Defendant by the Financial Litigation Unit of the U.S. Attorney's Office for the District of South Carolina, 1441 Main Street, Suite 500, Columbia, South Carolina, 29201, phone number (803) 929-3000.

10.     At the time of payment, Defendant shall send a copy of the EFT authorization form and the EFT transaction record, together with a transmittal letter, to the United States in accordance with Section XIV of this Decree (Notices); by email to acctsreceivable.CINWD@epa.gov; and by mail to:

> EPA Cincinnati Finance Office
> 26 Martin Luther King Drive
> Cincinnati, OH  45268

Defendant's transmittal letter shall:  1) include a statement that the payment is for the civil penalty owed pursuant to the Consent Decree in United States v. Norfolk Southern Railway Company; 2) reference the civil action number and DOJ case number 90-5-1-1-09024/1; 3) specify that $3,967,500 (plus any interest accrued) of the payment is for CWA Section 311(b)(7) penalties to be deposited into the Oil Spill Liability Trust Fund pursuant to 33 U.S.C. § 1321(s), § 4304 of Pub. L. No. 101-380, and 26 U.S.C. § 9509(b)(8); and 4) specify that $32,500 (plus any interest accrued) of the payment is for CERCLA Sections 103(a) and 109(c)

(1) penalties to be deposited into the Hazardous Substance Superfund pursuant to 26 U.S.C. § 9507(b)(4).

11.    Defendant shall not deduct any penalties paid under this Decree pursuant to this Section or Section VIII (Stipulated Penalties) in calculating its federal income tax.

## V.  COMPLIANCE REQUIREMENTS

12.    Incident Command System training.    Within two (2) years after the Effective Date, Defendant shall provide training at the Incident Command System (ICS) 400 level (including prerequisite ICS 100, 200 and 300 level training for those individuals who do not already have such training) for not less than a total of twenty two (22) professional personnel from a) its Environmental Protection Department whose job responsibilities include being on call to respond to emergencies involving releases of hazardous substances; and/or b) its Transportation Department Division Superintendents or Assistant Division Superintendents who may have the responsibility to serve as an Incident Commander in an emergency response involving releases of hazardous substances.  All ICS training conducted pursuant to this Consent Decree must be FEMA approved and certified for the relevant ICS level.  A list of positions in category (a) and (b) eligible for training pursuant to this Consent Decree is contained as Appendix A.  At least eight (8) individuals from each category shall be trained and at least one individual from each of the Defendant's eleven Divisions shall be trained.  After completion of the required training, Defendant will provide EPA, as part of the next semi-annual report under Paragraph 25(a) of this Consent Decree, documentation demonstrating completion of such training and identifying the persons, position and Division work location of the person that received such training.

13.    <u>Fish stocking</u>.

a.    Within one (1) year after the Effective Date, Defendant shall stock three locations (Horse Creek, Flat Rock Pond, and Bridge Creek Pond) with at least 1,000 fish in each location.  In total, Defendant will stock at least 600 of each of the following fish species:  1) channel catfish (*Ictalurus punctatus*); 2) bluegill (*Lepomis macrochirus*); 3) redear and/or warmouth sunfish (*Lepomis microlophus* and/or *Lepomis gulosus*); 4) largemouth bass (*Micropterus salmoides*); and 5) black crappie (*Pomoxis nigromaculatus*).  The fish shall be added in at least three separate stocking episodes, with each stocking episode separated by at least two months.  Defendant shall notify EPA at least 10 Days in advance of each scheduled stocking episode and, upon request from EPA, shall provide EPA a reasonable opportunity to observe the stocking episode.  Defendant will ensure that, as necessary, the fish will be "tempered" before being added to each water body through the addition of water from that water body to the fish tanks.

b.    Within 18 months after the Effective Date, Defendant shall provide EPA with information documenting completion of the fish stocking as part of a semi-annual report under Paragraph 25(a) of this Consent Decree.  The report will provide information including the total number of each type of fish stocked and the dates and locations of the fish stocking episodes.

14.    <u>Posting of National Response Center telephone number</u>.  Defendant shall, within 90 Days of the Effective Date, post the telephone number for the National Response Center in Defendant's office of the General Superintendent of Transportation ("GST") such that

it is readily visible by all GST staff tasked with receiving or relaying information regarding releases of hazardous substances.

15.    <u>Permits</u>.  Where completion of any obligation under this Consent Decree requires Defendant to obtain a federal, state, or local permit or approval, Defendant shall submit timely and complete applications and take all other actions necessary to obtain all such permits or approvals.  Defendant may seek relief under the provisions of Section IX of this Consent Decree (Force Majeure) for any delay in the performance of any such obligation resulting from a failure to obtain, or a delay in obtaining, any permit or approval required to fulfill such work, if Defendant has submitted timely and complete applications and has taken all other actions necessary to obtain all such permits or approvals.

## VI.  SUPPLEMENTAL ENVIRONMENTAL PROJECT

16.    Defendant shall implement a Supplemental Environmental Project ("SEP") to plant vegetation in Horse Creek's watershed to prevent erosion and siltation in accordance with the provisions of Appendix B of this Consent Decree (the "SEP Work Plan"). The SEP shall be completed in accordance with the schedule set forth in Appendix B.

17.    Defendant is responsible for the satisfactory completion of the SEP in accordance with the requirements of this Decree.  Defendant may use contractors or consultants in planning and implementing the SEP.

18.    With regard to the SEP, Defendant certifies the truth and accuracy of each of the following:

a.    that all cost information provided to EPA in connection with EPA's approval of the SEP is complete and accurate and that Defendant in good faith estimates that the cost to implement the SEP is $100,000;

b.    that, as of the date of executing this Decree, Defendant is not required to perform or develop the SEP by any federal, state, or local law or regulation and is not required to perform or develop the SEP by agreement, grant, or as injunctive relief awarded in any other action in any forum;

c.    that the SEP is not a project that Defendant was planning or intending to construct, perform, or implement other than in settlement of the claims resolved in this Decree;

d.    that Defendant has not received and will not receive credit for the SEP in any other enforcement action; and

e.    that Defendant will not receive any reimbursement for any portion of the SEP from any person.

19.    <u>SEP Completion Report</u>:    As part of the first periodic report after completion of the SEP, Defendant shall submit a SEP Completion Report to the United States, in accordance with Section XIV of this Consent Decree (Notices).  The SEP Completion Report shall contain the following information:

a.    a detailed description of the SEP as implemented;

b.    a description of any problems encountered in completing the SEP and the solutions thereto;

c.    an itemized list of all eligible SEP costs expended;

-9-

        d.      certification that the SEP has been fully implemented pursuant to the provisions of this Decree; and

        e.      a description of the environmental and public health benefits resulting from implementation of the SEP.

20.     After receiving the SEP Completion Report, the United States shall notify Defendant whether or not Defendant has satisfactorily completed the SEP.  If Defendant has not completed the SEP in accordance with this Consent Decree, Defendant will be notified by the United States of any deficiency and if not corrected within 30 Days of receipt of the notice, or a longer time period agreed to by the Parties, stipulated penalties may be assessed under Section VIII of this Consent Decree.

21.     Disputes concerning the satisfactory performance of the SEP and the amount of eligible SEP costs may be resolved under Section X of this Decree (Dispute Resolution).

22.     Each submission required under this Section shall be signed by an official with knowledge of the SEP and shall bear the certification language set forth in Paragraph 27.

23.     Any public statement, oral or written, in print, film, or other media, made by Defendant making reference to the SEP under this Decree shall include the following language:  "This project was undertaken in connection with the settlement of an enforcement action, United States v. Norfolk Southern Railway Company, taken on behalf of the U.S. Environmental Protection Agency under the Clean Water Act and the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA)."  Should Defendant issue a public statement making reference to the SEP under this Decree, and fail to include the above

language, Defendant must then issue a written public statement amending its prior public statement to include the above language, and acknowledging that the prior statement was issued in violation of this Decree because it failed to include the above language.

24.    For federal income tax purposes, Defendant agrees that it will neither capitalize into inventory or basis nor deduct any costs or expenditures incurred in performing the SEP.

## VII.  REPORTING REQUIREMENTS

25.    Defendant shall submit the following reports:

a.    After the Effective Date and until the termination of this Consent Decree, Defendant shall submit to EPA a semi-annual progress report no later than January 31 and July 31 of each year, with the first report due on July 31, 2010. Each semi-annual report shall include the status of any compliance measures; completion of milestones; problems encountered or anticipated, together with implemented or proposed solutions; and a discussion of Defendant's progress in satisfying its obligations in connection with the SEP under Section VI of this Decree including, at a minimum, a narrative description of activities undertaken; status of any construction or compliance measure, including the completion of any milestones set forth in the SEP Work Plan, attached as Appendix B to this Decree, and a summary of costs incurred since the previous report.

b.    If Defendant violates, or has reason to believe that it may violate, any requirement of this Consent Decree, Defendant shall notify the United States of such violation and its likely duration, in writing, within 15 business days of the Day Defendant first becomes aware of the violation, with an explanation of the likely cause of the violation and of

the remedial steps taken, or to be taken, to prevent or minimize such violation. If the cause of a violation cannot be fully explained at the time the report is due, Defendant shall so state in the report. Defendant shall investigate the cause of the violation and shall then submit an amendment to the report, including a full explanation of the cause of the violation, within 30 Days of the Day Defendant becomes aware of the cause of the violation. Nothing in this Paragraph or the following Paragraph relieves Defendant of its obligation to provide the notice required by Section IX of this Consent Decree (Force Majeure).

26.     All reports shall be submitted to the persons designated in Section XIV of this Consent Decree (Notices).

27.     Each report submitted by Defendant under this Section shall be signed by an official of the submitting party and include the following certification:

> I certify under penalty of law that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted. Based on any personal knowledge I may have and on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, the information submitted is, to the best of my knowledge and belief, true, accurate, and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

28.     The reporting requirements of this Consent Decree do not relieve Defendant of any reporting obligations required by the CWA, CERCLA, or implementing regulations, or by any other federal, state, or local law, regulation, permit, or other requirement.

29.     Any information provided pursuant to this Consent Decree may be used by the United States in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

### VIII.  STIPULATED PENALTIES

30.     Defendant shall be liable for stipulated penalties to the United States for violations of this Consent Decree as specified below, unless excused under Section IX (Force Majeure).  A violation includes failing to perform any obligation required by the terms of this Decree, including any work plan or schedule approved under this Decree, according to all applicable requirements of this Decree and within the specified time schedules established by or approved under this Decree.

31.     Late Payment of Civil Penalty.  If Defendant fails to pay the civil penalty required to be paid under Section IV of this Decree (Civil Penalty) when due, Defendant shall pay a stipulated penalty of $5,000 per Day for each Day that the payment is late.  Stipulated penalties for late payment of the civil penalty shall be paid in accordance with Paragraph 39.

32.     Compliance Requirements.   The following stipulated penalties shall accrue per violation per Day for each failure by Defendant to meet applicable milestones or deadlines (including timely completion) for the work required under Section V (Compliance Requirements) of this Consent Decree, in accordance with the schedules established in this Decree and its appendices:

| Penalty Per Violation Per Day | Period of Noncompliance |
| --- | --- |
| $1,000 | 1st through 14th Day |
| $1,500 | 15th through 30th Day |

-13-

$2,500                              31st Day and beyond

33.    <u>SEP Compliance</u>:

a.    If Defendant fails to implement the SEP, or halts or abandons work on the SEP, Defendant shall pay a stipulated penalty of $125,000.  The penalty under this subparagraph shall accrue as of the date specified for completing the SEP or the date performance ceases, whichever is earlier.

b.    The following stipulated penalties shall accrue per violation per Day for each failure by Defendant to meet applicable milestones or deadlines (including timely completion) for implementing the SEP, in accordance with Appendix B:

| <u>Penalty Per Violation Per Day</u> | <u>Period of Noncompliance</u> |
|---|---|
| $1,000 | 1st through 14th Day |
| $1,500 | 15th through 30th Day |
| $2,500 | 31st Day and beyond |

34.    <u>Reporting and Other Requirements</u>.  The following stipulated penalties shall accrue per violation per Day for each failure to comply with the reporting requirements of Section VII (Reporting Requirements) of this Consent Decree, and for each failure to comply with any other requirement of this Decree not specifically addressed in this Section:

| <u>Penalty Per Violation Per Day</u> | <u>Period of Noncompliance</u> |
|---|---|
| $500 | 1st through 14th Day |
| $1000 | 15th through 30th Day |
| $2,000 | 31st Day and beyond |

-14-

35.    Except as provided in subparagraph 33(a), above, stipulated penalties under this Section shall begin to accrue on the Day after performance is due or on the Day a violation occurs, whichever is applicable, and shall continue to accrue until performance is satisfactorily completed or until the violation ceases.    Stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree.

36.    Defendant shall pay any stipulated penalty within 30 Days of receiving the United States' written demand.

37.     The United States may, in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due it under this Consent Decree.

38.    Stipulated penalties shall continue to accrue as provided in Paragraph 35, during any Dispute Resolution, but need not be paid until the following:

a.    If the dispute is resolved by agreement or by a decision of EPA that is not appealed to the Court, Defendant shall pay accrued penalties determined to be owing, together with interest, to the United States within 30 Days of the Effective Date of the agreement or the receipt of EPA's decision or order.

b.    If the dispute is appealed to the Court and the United States prevails in whole or in part, Defendant shall pay all accrued penalties determined by the Court to be owing, together with interest, within 60 Days of receiving the Court's decision or order, except as provided in subparagraph c, below.

c.     If any Party appeals the District Court's decision, Defendant shall pay all accrued penalties determined to be owing, together with interest, within 15 Days of receiving the final appellate court decision.

-15-

39.    Defendant shall, as directed by the United States in its written demand, pay stipulated penalties owing to the United States by EFT or by certified cashier's check in the amount due, payable to the U.S. Department of Justice and delivered to the U.S. Attorney's Office for the District of South Carolina, 1441 Main Street, Suite 500, Columbia, South Carolina, 29201.  Defendant shall include a transmittal letter with each payment of stipulated penalties, which shall reference the civil action number and DOJ case number 90-5-1-1-09024/1, and identify the payment as a payment of stipulated penalties pursuant to Section VIII of this Decree, to be deposited in the United States Treasury.

40.    If Defendant fails to pay stipulated penalties according to the terms of this Consent Decree, Defendant shall be liable for interest on such penalties, as provided for in 28 U.S.C. §1961, accruing as of the date payment became due.  Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for Defendant's failure to pay any stipulated penalties.

41.    Subject to the provisions of Section XII of this Consent Decree (Effect of Settlement/Reservation of Rights), the stipulated penalties provided for in this Consent Decree shall be in addition to any other rights, remedies, or sanctions available to the United States for Defendant's violation of this Consent Decree or applicable law.  Where a violation of this Consent Decree is also a violation of the CWA, CERCLA or implementing regulations, Defendant shall be allowed a credit, for any stipulated penalties paid, against any statutory penalties imposed for such violation.

## IX.  FORCE MAJEURE

42.    "Force majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Defendant, of any entity controlled by Defendant, or of Defendant's contractors, that delays or prevents the performance of any obligation under this Consent Decree despite Defendant's best efforts to fulfill the obligation. The requirement that Defendant exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure event and, after Defendant has knowledge of the existence of a force majeure event, best efforts to address the effects of any such event (a) as it is occurring and (b) after it has occurred to prevent or minimize any resulting delay to the greatest extent possible.  "Force Majeure" does not include Defendant's financial inability to perform any obligation under this Consent Decree.

43.    If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, whether or not caused by a force majeure event, Defendant shall provide notice verbally or by electronic or facsimile transmission to EPA, within 72 hours of when Defendant first knew that the event might cause a delay.  Within seven Days thereafter, Defendant shall provide in writing to EPA an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; Defendant's rationale for attributing such delay to a force majeure event if it intends to assert such a claim; and a statement as to whether, in the opinion of Defendant, such event may cause or contribute to an endangerment to public health, welfare or the environment.  Defendant shall include with any notice all available

-17-

documentation supporting the claim that the delay was attributable to a force majeure.  Failure to comply with the above requirements shall preclude Defendant from asserting any claim of force majeure for that event for the period of time of such failure to comply, and for any additional delay caused by such failure.  Defendant shall be deemed to know of any circumstance of which Defendant, any entity controlled by Defendant, or Defendant's contractors knew or should have known.

44.    If EPA agrees that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Consent Decree that are affected by the force majeure event will be extended by EPA for such time as is necessary to complete those obligations.  An extension of the time for performance of the obligations affected by the force majeure event shall not, of itself, extend the time for performance of any other obligation.  EPA will notify Defendant in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure event.

45.    If EPA does not agree that the delay or anticipated delay has been or will be caused by a force majeure event, EPA will notify Defendant in writing of its decision.

46.    If Defendant elects to invoke the dispute resolution procedures set forth in Section X (Dispute Resolution), it shall do so no later than 45 Days after receipt of EPA's notice. In any such proceeding, Defendant shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a force majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that Defendant complied with the requirements of Paragraphs 42 and 43, above.  If Defendant

carries this burden, the delay at issue shall be deemed not to be a violation by Defendant of the affected obligation of this Consent Decree identified to EPA and the Court.

## X.  DISPUTE RESOLUTION

47.     Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree.  Defendant's failure to seek resolution of a dispute under this Section shall preclude Defendant from raising any such issue as a defense to an action by the United States to enforce any obligation of Defendant arising under this Decree.

48.     Informal Dispute Resolution.  Any dispute subject to Dispute Resolution under this Consent Decree shall first be the subject of informal negotiations.  The dispute shall be considered to have arisen when Defendant sends EPA a written Notice of Dispute.  Such Notice of Dispute shall state clearly the matter in dispute.  After receiving such notice, EPA will acknowledge receipt of the notice and the Parties shall schedule a meeting to discuss the dispute informally.  The period of informal negotiations shall not exceed 30 Days from the scheduled date of the first meeting between representatives of the Parties, unless the Parties involved in the dispute agree that this period should be shortened or extended.  If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by EPA shall be considered binding unless, within 20 Days after the conclusion of the informal negotiation period, Defendant invokes formal dispute resolution procedures as set forth below.

49.     Formal Dispute Resolution.  Defendant shall invoke formal dispute resolution procedures, within the time period provided in the preceding Paragraph, by providing

-19-

EPA with a written Statement of Position regarding the matter in dispute. The Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting Defendant's position and any supporting documentation relied upon by Defendant.

50.     EPA shall provide its Statement of Position within 45 Days of receipt of Defendant's Statement of Position. EPA's Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by EPA. EPA's Statement of Position shall be binding on Defendant, unless Defendant files a motion for judicial review of the dispute in accordance with the following Paragraph.

51.     Defendant may seek judicial review of the dispute by filing with the Court and serving on the United States, in accordance with Section XIV of this Consent Decree (Notices), a motion requesting judicial resolution of the dispute. The motion must be filed within 20 Days of receipt of EPA's Statement of Position pursuant to the preceding Paragraph. The motion shall contain a written statement of Defendant's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.

52.     The United States shall respond to Defendant's motion within the time period allowed by the Local Rules of this Court. Defendant may file a reply memorandum, to the extent permitted by the Local Rules.

53.     <u>Standard of Review</u>. In a formal dispute resolution proceeding under this Section, Defendant shall bear the burden of demonstrating that its position complies with this

Consent Decree and that it is entitled to relief under applicable principles of law.  The United States reserves the right to argue that its position is reviewable only on the administrative record and must be upheld unless arbitrary and capricious or otherwise not in accordance with the law.

54.    The invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of Defendant under this Consent Decree, unless and until final resolution of the dispute so provides.  Stipulated penalties with respect to the disputed matter shall continue to accrue from the first Day of noncompliance, but payment shall be stayed pending resolution of the dispute as provided in Paragraph 38.  If Defendant does not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section VIII (Stipulated Penalties).  To the extent that Defendant prevails, stipulated penalties shall not be assessed.

## XI. INFORMATION COLLECTION AND RETENTION

55.    The United States and its representatives, including attorneys, contractors, and consultants, shall have the right of entry into any facility owned or controlled by Defendant and covered by this Consent Decree, at all reasonable times, upon presentation of credentials, to:

a.    monitor the progress of activities required under this Consent Decree;

b.    verify any data or information submitted to the United States in accordance with the terms of this Consent Decree;

c.    obtain documentary evidence, including photographs and similar data regarding activities required by this Consent Decree; and

d.    assess Defendant's compliance with this Consent Decree.

56.     Until four years after the termination of this Consent Decree, Defendant shall retain, and shall instruct its contractors and agents to preserve, all non-identical copies of all documents, records, or other information (including documents, records, or other information in electronic form) in its or its contractors' or agents' possession or control, or that come into its or its contractors' or agents' possession or control, and that relate in any manner to Defendant's performance of its obligations under this Consent Decree.  This information-retention requirement shall apply regardless of any contrary corporate or institutional policies or procedures.  At any time during this information-retention period, upon request by the United States, Defendant shall provide copies of any documents, records, or other information required to be maintained under this Paragraph.

57.     At the conclusion of the information-retention period provided in the preceding Paragraph, Defendant shall notify EPA at least 90 Days prior to the destruction of any documents, records, or other information subject to the requirements of the preceding Paragraph and, upon request by EPA, Defendant shall deliver any such documents, records, or other information to EPA.  Defendant may assert that certain documents, records, or other information is privileged under the attorney-client privilege or any other privilege recognized by federal law. If Defendant asserts such a privilege, it shall provide the following:  (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of each author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Defendant.  However, no documents, records, or other

information created or generated pursuant to the requirements of this Consent Decree shall be withheld on grounds of privilege.

58.    Defendant may also assert that information required to be provided under this Section is protected as Confidential Business Information ("CBI") under 40 C.F.R. Part 2. As to any information that Defendant seeks to protect as CBI, Defendant shall follow the procedures set forth in 40 C.F.R. Part 2.

59.    This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States pursuant to applicable federal laws, regulations, or permits, nor does it limit or affect any duty or obligation of Defendant to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

XII.  EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

60.    This Consent Decree resolves the civil claims of the United States for the violations alleged in the Amended Complaint filed in this action through the date of lodging.

61.    The United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree, except as expressly stated in Paragraph 60. This Consent Decree shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the CWA, CERCLA or implementing regulations, or under other federal laws, regulations, or permit conditions, with respect to all matters other than those expressly specified in Paragraph 60 including, but not limited to, the following:

a.    claims based on a failure of Defendant to meet a requirement of this Consent Decree;

-23-

b.      claims for criminal liability;

c.      claims relating to past, present, or future releases, discharges, or spills of oil or hazardous substances other than the Alleged Releases;

d.      claims for reimbursement for any disbursements from the federal Oil Spill Liability Trust Fund arising from the Alleged Releases or any other incident, pursuant to the OPA, including for subrogated claims under Section 1015 of OPA, 33 U.S.C. § 2715;

e.      claims for reimbursement of removal or remediation costs under Sections 106 and 107 of CERCLA, 42 U.S.C. §§ 9606-9607, with respect to the Alleged Releases; and

f.      claims for natural resources damages (under the CWA, OPA, CERCLA or other legal authority) arising from the Alleged Releases.

62.      In any subsequent administrative or judicial proceeding reserved herein and initiated by the United Sates for unreimbursed costs, damages, remediation, or other appropriate relief, Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppels, issue preclusion, claim splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case. Except as provided herein, Defendant reserves its defenses to any such action.

63.      Defendant hereby covenants not to sue and agrees not to assert any claims related to the Alleged Releases, or response activities in connection with the Alleged Releases, against the United States pursuant to OPA, CERCLA, or any other federal law, state law, or

-24-

regulation including, but not limited to, any direct or indirect claim for reimbursement from the Oil Spill Liability Trust Fund.

64.     This Consent Decree is not a permit, or a modification of any permit, under any federal, state, or local laws or regulations.  Defendant is responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws, regulations, and permits; and Defendant's compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Defendant's compliance with any aspect of this Consent Decree will result in compliance with provisions of the CWA, CERCLA, or with any other provisions of federal, state, or local laws, regulations, or permits.

65.     This Consent Decree does not limit or affect the rights of Defendant or of the United States against any third parties not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Defendant, except as otherwise provided by law.

66.     This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third parties not party to this Consent Decree.

## XIII.  COSTS

67.     The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any successful action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by Defendant.

XIV.  <u>NOTICES</u>

68.     Unless otherwise specified herein, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be made in writing and addressed as follows:

<u>To the United States</u>:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Box 7611 Ben Franklin Station
Washington, D.C.  20044-7611
Re: DOJ No. 90-5-1-1-09024/1

and

Joan Redleaf Durbin
Associate Regional Counsel
U.S. Environmental Protection Agency
Region 4
SNAFC, OEA 13th Floor
61 Forsyth Street
Atlanta, GA  30303
Phone:  404-562-9544
Fax:  404-562-8078
Email:  Redleaf-Durbin.Joan@epamail.epa.gov

<u>To EPA</u>:

Joan Redleaf Durbin
Associate Regional Counsel
U.S. Environmental Protection Agency
Region 4
SNAFC, OEA 13th Floor
61 Forsyth Street
Atlanta, GA  30303
Phone: 404-562-9544
Fax:  404-562-8078
Email:  Redleaf-Durbin.Joan@epamail.epa.gov

and

-26-

Jacq Marie Jack
Oil Pollution Act Coordinator
U.S. Environmental Protection Agency
Region 4
SNAFC, RCRA Division, 10th Floor
61 Forsyth Street
Atlanta, GA  30303
Phone: 404-562-8480
Fax:  404-562-8566
Email:  Jack.Jacq@epamail.epa.gov

<u>To Defendant</u>:

Jeffrey H. Burton
General Counsel-Operations
Norfolk Southern Corporation
Three Commercial Place
Norfolk, VA 23510
ph. 757/629-2633
fax. 757/629-2607
Email: jhburton@nscorp.com

69.     Any Party may, by written notice to the other Parties, change its designated notice recipient or notice address provided above.

70.     Notices submitted pursuant to this Section shall be deemed submitted upon mailing, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.

XV.  <u>EFFECTIVE DATE</u>

71.     The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on the Court's docket.

## XVI.  RETENTION OF JURISDICTION

72.    The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Decree or entering orders modifying this Decree, pursuant to Sections X and XVII, or effectuating or enforcing compliance with the terms of this Decree.

## XVII.  MODIFICATION

73.    The terms of this Consent Decree, including any attached appendices, may be modified only by a subsequent written agreement signed by the Parties.  Where the modification constitutes a material change to this Decree, it shall be effective only upon approval by the Court.

74.    Any disputes concerning modification of this Decree shall be resolved pursuant to Section X of this Decree (Dispute Resolution), provided, however, that, instead of the burden of proof provided by Paragraph 53, the Party seeking the modification bears the burden of demonstrating that it is entitled to the requested modification in accordance with Federal Rule of Civil Procedure 60(b).

## XVIII.  TERMINATION

75.    After Defendant has completed the requirements of Section V (Compliance Requirements) of this Decree, has complied with all other requirements of this Consent Decree, including those relating to the Compliance Requirements in Section V and the SEP required by Section VI of this Consent Decree, and has paid the civil penalty, and any accrued stipulated penalties not waived or reduced by the United States pursuant to Paragraph 37, as required by this Consent Decree, Defendant may serve upon the United States a Request

-28-

for Termination, stating that Defendant has satisfied those requirements, together with all necessary supporting documentation.

76.     Following receipt by the United States of Defendant's Request for Termination, the Parties shall confer informally concerning the Request and any disagreement that the Parties may have as to whether Defendant has satisfactorily complied with the requirements for termination of this Consent Decree.  If the United States agrees that the Decree may be terminated, the Parties shall submit, for the Court's approval, a joint stipulation terminating the Decree.

77.     If the United States does not act on Defendant's request to terminate the Decree within 90 Days, or does not agree that the Decree may be terminated, Defendant may invoke Dispute Resolution under Section X of this Decree.  Defendant shall not seek Dispute Resolution of any dispute regarding termination, under Paragraph 49 of Section X, until 90 Days after service of its Request for Termination.

## XIX.  PUBLIC PARTICIPATION

78.     This Consent Decree shall be lodged with the Court for a period of not less than 30 Days for public notice and comment in accordance with 28 C.F.R. § 50.7.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate.  Defendant consents to entry of this Consent Decree without further notice and agrees not to withdraw from or oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the United States has notified Defendant in writing that it no longer supports entry of the Decree.

-29-

## XX.  SIGNATORIES/SERVICE

79.    Each undersigned representative of Defendant, EPA and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

80.    This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.  Defendant agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.

## XXI.  INTEGRATION

81.    This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.  No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree.

## XXII.  FINAL JUDGMENT

82.    Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the United States and Defendant.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

## XXIII.  APPENDICES

83.     The following appendices are attached to and part of this Consent Decree:

"Appendix A" is the "List of Positions Eligible to Receive ICS 400 Level Training"

"Appendix B" is the "SEP Work Plan"


/s/ Margaret B. Seymour
United States District Judge
District of South Carolina

Columbia, South Carolina

May 17, 2010

THE UNDERSIGNED PARTY enters into the Consent Decree in the matter of <u>United States v.</u>
<u>Norfolk Southern Railway Company</u>, Case No. 1:08-cv-01707-MBS.


FOR PLAINTIFF THE UNITED STATES OF AMERICA:


May 10, 2010                         s/ Ignacia S. Moreno
                              IGNACIA S. MORENO
                              Assistant Attorney General
                              Environment and Natural Resources Division
                              United States Department of Justice



May 10, 2010          By:        s/ William A. Weinischke
                              WILLIAM A. WEINISCHKE
                              PATRICIA L. HURST
                              DAVIS H. FORSYTHE
                              ANGELA MO
                              Trial Attorneys
                              Environmental Enforcement Section
                              Environment and Natural Resources Division
                              United States Department of Justice
                              P.O. Box 7611
                              Washington, D.C.  20044-7611


                              WILLIAM N. NETTLES
                              United States Attorney
                              District of South Carolina


May 10, 2010                         s/ R. Emery Clark
                              R. EMERY CLARK (Bar No. 1183)
                              Assistant United States Attorney
                              District of South Carolina
                              1441 Main Street, Suite 500
                              Columbia, S.C. 29201
                              Phone: 803-929-3085
                              Fax: 803-252-2759
                              Email: emery.clark@usdoj.gov

THE UNDERSIGNED PARTY enters into the Consent Decree in the matter of <u>United States v.</u> <u>Norfolk Southern Railway Company</u>, Case No. 1:08-cv-01707-MBS.

FOR PLAINTIFF THE UNITED STATES OF AMERICA (cont.):

May 10, 2010
    s/ Stanley Meinburg
A. STANLEY MEIBURG
Acting Regional Administrator
U.S. Environmental Protection Agency, Region 4
Sam Nunn Atlanta Federal Center
61 Forsyth Street, SW
Atlanta, GA  30303

May 10, 2010
    s/ Joan Redleaf Durbin
JOAN REDLEAF DURBIN
Associate Regional Counsel
U.S. Environmental Protection Agency, Region 4
Sam Nunn Atlanta Federal Center
61 Forsyth Street, SW
Atlanta, GA  30303

May 10, 2010
    s/ Cynthia Giles
CYNTHIA GILES
Assistant Administrator for Office of
Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
Washington, D.C.

May 10, 2010
    s/ Cheryl T. Rose
CHERYL T. ROSE
Senior Attorney
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
Mail Code 2243A
1200 Pennsylvania Ave., NW
Washington, D.C. 20460

THE UNDERSIGNED PARTY enters into the Consent Decree in the matter of <u>United States v. Norfolk Southern Railway Company</u>, Case No. 1:08-cv-01707-MBS.

FOR DEFENDANT NORFOLK SOUTHERN
RAILWAY COMPANY:


May 10, 2010         By:      s/ David F. Julian
                             DAVID F. JULIAN
                             Vice President
                             Norfolk Southern Railway Company

-34-